## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Adam Scott McElroy, | ) | CASE NO. 1: 25 CV 1717 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| Honorable Thomas E. Harris, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Background

Plaintiff Adam Scott McElroy has filed a *pro se* civil rights complaint in this case against

multiple Defendants, all apparently having some involvement in criminal  proceedings against

him in Ashtabula County, including judges, prosecutors, law enforcement and court personnel,

and a grand jury foreperson.  (Doc. No. 1.)

His complaint does not set forth cogent specific factual allegations or legal claims as

against each Defendant.  He generally contends his rights were violated, and that he was

"subjected to judicial and prosecutorial misconduct," in a state criminal case apparently because

the state court lacked subject-matter and personal jurisdiction over him on the basis he is "not a

U.S. or 14th Amendment citizen, corporate entity, or legal fiction," but rather, is "a private

American National and living man on land."  (*See id.* at ¶¶ 3, 4, 6, 8.)  He also indicates he

asserts "rights" under the Uniform Commercial Code.  (*See id.* at ¶¶ 9, 22.)

For relief, he asks the Court to "[d]eclare the [unidentified state] proceedings against

[him] void for lack of due process and jurisdiction"; [e]njoin Defendants from continuing unlawful prosecution [against him]"; and [d]eclare the misidentification of Plaintiff [in the state case] as a legal fiction to be without legal effect." (*Id.* at Page ID # 4, "Prayer for Relief.")

Plaintiff has now paid the filing fee, so his motion to proceed *in forma pauperis* (Doc. No. 2) is moot. It does not appear he has yet served Defendants in accordance with the Federal Rules of Civil Procedure. Service is not necessary. For the following reasons, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal.

## Standard of Review and Discussion

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). District courts have the authority to dismiss any complaint for lack of jurisdiction at any time without affording a plaintiff leave to amend, even where the filing fee has been paid, if "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction.

Federal courts must abstain from exercising jurisdiction in cases interfering with state proceedings involving important state interests absent extraordinary circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S.

-2-

117 (1987). Federal court abstention is warranted where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford a plaintiff an adequate opportunity to raise federal concerns. *Leveye v.Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Plaintiff's complaint is clearly asking the Court to intervene in a pending state criminal matter; such a proceeding implicates an important state interest (*see Leveye*, 73 F. App'x at 794); and there is no plausible suggestion in Plaintiff's pleading that he has not been provided or lacked an adequate opportunity to raise any legitimate federal concerns he had in the context of the state case. *See Pennzoil*, 481 U.S. at 14-15; *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where a plaintiff fails to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present federal claims).

This Court will not interfere with a pending state criminal matter against Plaintiff in Ashtabula County and finds his complaint warrants dismissal for lack of subject-matter jurisdiction in accordance with *Younger*.

Further, courts have repeatedly rejected, as frivolous, claims based on a theory of sovereign citizenship, which are subject to *sua sponte* dismissal "without extended argument." *Banks v. Ryan*, No. 24-cv-2988, 2025 WL 2412166, at *1 (W.D. Tenn. June 25, 2025) (citing cases). Here, Plaintiff's complaint is apparently premised on a theories that he is somehow

exempt from state prosecution and/or the personal and subject matter jurisdiction of the state court because he is a "private American National and living man on land," has been "misidentified," or entitled to rights under the Uniform Commercial Code.  These are a sovereign citizen, or sovereign citizen "adjacent," theories similar to those courts have determined warrant *sua sponte* dismissal as "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *See Burnett v. Michigan*, Case No. 1:24-cv-55, 2024 WL 3721741, at *7 (W.D. Mich June 18, 2024) (citing cases and recommending dismissal of *pro se* complaint for lack of subject matter jurisdiction pursuant to *Apple v. Glenn* where plaintiff contended she possessed special status as a sovereign and was not subject to federal or state laws), report and recommendation adopted, No. 1:24-CV-55, 2024 WL 3466258 (W.D. Mich. July 19, 2024).

The Court finds that Plaintiff's complaint also warrants dismissal on the basis of frivolousness under *Apple v. Glenn*.

### Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2025

-4-